```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LISA MENDILLO                  :
                               :
                               :
v.                             :    CIV. NO. 3:12CV1383 (WWE)
                               :
THE PRUDENTIAL INSURANCE       :
COMPANY OF AMERICA             :
```

RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER [DOC. #34]

Defendant The Prudential Insurance Company of America moves for a protective order to preclude plaintiff Lisa Mendillo from taking the deposition of Prudential's former president of annuities division, Stephen Pelletier. [Doc. #34]. Plaintiff opposes defendant's motion. [Doc. #37]. On November 4, 2013, the Court held a telephonic status conference regarding the motion for protective order, and allowed the parties to supplement the briefing on the motion following the deposition of Timothy Cronin.[1] Defendant filed a reply [Doc. #43], to which plaintiff filed a sur-reply [Doc. #44]. For the reasons that follow, defendant's motion for protective order [Doc. #34] is DENIED IN PART AND GRANTED IN PART.

1.  **Background**

Plaintiff brings this employment discrimination action pursuant to the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family Medical Leave Act ("FMLA"), and the Connecticut Fair Employment Practices Act. [Amended Compl., Doc. #23]. Plaintiff alleges that she is now fifty one (51) years old, and was employed by defendant or its

---

[1] At the time of plaintiff's termination, Timothy Cronin was the defendant's Senior Vice President, Investments Management.

1

predecessor for over fifteen (15) years. Plaintiff alleges that she suffered serious injuries from a car accident in May 2010, and as a result took intermittent FMLA leave from her employment at defendant's "call center". Prior to the car accident, plaintiff alleges that she received excellent reviews and performance ratings. Following plaintiff's FMLA leave, plaintiff alleges, inter alia, that defendant placed her on a "Performance Building Plan", that she received the lowest performance rating of her career, and was ultimately terminated with her responsibilities delegated to the remaining, younger, representatives.

Plaintiff served defendant with a deposition notice for Stephen Pelletier, former president of the Annuities Division at Prudential Financial, Inc. Mr. Pelletier currently serves as Chief Executive Officer of Prudential Group Insurance. [Doc. #35-1, at ¶¶ 2-3]. Mr. Pelletier avers in his affidavit in support of the motion for protective order that he was not directly involved in the assignment of work to plaintiff, that he did not have any involvement in the evaluation of plaintiff, and that he did not have any involvement in the decision to discipline and/or terminate plaintiff. [Id. at ¶ 5]

Plaintiff alleges that weeks before her termination, she reached out to Mr. Cronin and Mr. Pelletier for help regarding her employment situation. Mr. Pelletier confirms in his affidavit that he met with plaintiff on or around July 20, 2011 as a courtesy. [Id. at ¶ 8]. This is further corroborated by plaintiff's notes memorializing this meeting. [Doc. #37, Ex. B].

2

Mr. Pelletier further states that prior to this meeting, he contacted Gary Hogard, director of call centers, to "understand the reason for [p]laintiff's meeting request." [Doc. #35-1, at ¶ 8]. Mr. Pelletier also states that he was not aware that plaintiff had been in a car accident or disabled, that she worked a reduced schedule, or of plaintiff's age. [Id. at ¶ 9]. Finally, Mr. Pelletier states that any information he has concerning plaintiff's claims and/or job performance he has learned from other Prudential executives and/or from his one meeting with plaintiff. [Id. at ¶ 10-11].

## 2. Legal Standard

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or

discovery not be had." Fed. R. Civ. P. 26(c)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." <u>Chamberlain v. Farmington Sav. Bank</u>, 247 F.R.D. 288, 289 (D. Conn. Nov. 30, 2007) (citing <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975)).

**3.   Discussion**

   A. <u>Necessity of Deposition</u>

Defendant argues that Mr. Pelletier, a corporate executive, does not possess unique knowledge of the facts and issues in the case, and that his deposition would result in undue burden and harassment.  Defendant further contends that any information sought from Mr. Pelletier may be obtained from lower level employees.  Plaintiff argues that Mr. Pelletier had direct dealings with plaintiff, and therefore has firsthand and unique knowledge relevant to the case.  Plaintiff also argues that Mr. Pelletier's deposition does not present any undue burden or hardship. Finally, plaintiff contends that getting information from "others" has not proven possible.

"While there is no per se rule barring depositions of top corporate executives, courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case." <u>Rodriguez v. SLM Corp.</u>, CIV. No. 3:07CV1886(WWE), 2010 WL 1286989, at *2 (D. Conn. March 2, 2010) (internal quotations omitted; compiling cases).  Accordingly, "[d]epositions of

senior executives are permissible when such senior executives have had direct involvement in the underlying claims, or if the subordinates are unable to testify in a meaningful fashion at their depositions." Trusz v. UBS Realty Investors LLC, No.3:09 CV 268(JBA), 2011 WL 577331, at *5 (D. Conn. Feb. 8, 2011)(string citation omitted).  "However, when the discovery to be obtained is through the deposition of a senior executive, a court must remain mindful that permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation." Travel Ctr. Of Fairfield County, Inc. v. Royal Cruise Line, Ltd., No. 3:96CV1025(JBA), 2000 WL 306934, at *3 (Jan. 24, 2000)(quoting Tri-Star Pictures, Inc. v. Unger, 171 F.R.D. 94, 102 (S.D.N.Y. 1997)) (internal quotations omitted).

After a careful review of the parties' submissions, including relevant deposition excerpts and Mr. Pelletier's affidavit, the Court finds that Mr. Pelletier may possess information that cannot be obtained from lower level employees or other sources.  This includes conversations Mr. Pelletier had with plaintiff, Mr. Hogard, and Mr. Cronin.  Indeed, given that Mr. Hogard and Mr. Cronin could not testify with certainty as to the substance of their respective conversations with Mr. Pelletier about plaintiff, the Court finds that plaintiff should be allowed to take Mr. Pelletier's deposition concerning at least the substance of these conversations. See Doc. #43-4, Gary Hogard Depo. Tr., Oct. 17, 2013, at 79:6-24; 80:1-2 (testifying he did not recall the specific conversation with Mr. Pelletier);

5

see also Doc. #43-5, Timothy Cronin Depo. Tr. Nov. 5, 2013, at 15:8-11; 17:4-6; 25:4-9(testifying he did not recall certain conversations with Mr. Pelletier).  Plaintiff's need for Mr. Pelletier's testimony is further amplified given Mr. Pelletier's averments that he spoke to Mr. Hogard and other Prudential executives about the plaintiff.  The Court is nevertheless mindful that Mr. Pelletier's involvement with plaintiff's claims is limited, and therefore, plaintiff's deposition of Mr. Pelletier shall be restricted to no more than two (2) hours' time.

    B. Location of Deposition

    Defendant argues in its reply that Mr. Pelletier works for defendant in Roseland, New Jersey, and accordingly his deposition should occur in New Jersey or via telephone. Plaintiff argues that because this argument was not initially raised in plaintiff's motion, the Court should not now consider it.[2]  Alternatively, plaintiff contends that defendant's annuities division's principal place of business is in Shelton, Connecticut, and that Mr. Pelletier's deposition should occur in Connecticut.

    "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when… the corporation is the defendant." Morin v. Nationwide Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005). In light of the two (2) hour limitation imposed on Mr.

---

[2] Defendant raised the venue issue during the November 4, 2013 telephone status conference on the motion for protective order.  The Court will consider the venue argument.

6

Pelletier's deposition, the Court agrees that he should be deposed in New Jersey. Although plaintiff argues that counsel and the parties are located in Connecticut, and that the annuities division's principal place of business is located in Connecticut, plaintiff ignores the fact that Mr. Pelletier is no longer the president of the annuities division and no longer works in Connecticut. The Court finds that requiring Mr. Pelletier to travel to Connecticut for a deposition that is restricted to two (2) hours' time would constitute an undue burden. Indeed, it is the "plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents. Moreover, the convenience of counsel is less compelling than any hardship to the witnesses." Morin, 229 F.R.D. at 363. (internal citations and quotations omitted). As such, the plaintiff shall depose Mr. Pelletier in Roseland, New Jersey. Plaintiff may, of course, alternatively arrange to take Mr. Pelletier's deposition telephonically or by video conference, if this would be more convenient to the parties.

4.  **Conclusion**

Accordingly, defendant's motion for protective order [Doc. #34] is DENIED IN PART AND GANTED IN PART. Plaintiff will be permitted to take the deposition of Steven Pelletier for no more than two (2) hours. This deposition shall occur via telephone/video conference or in person at Mr. Pelletier's place of employment in Roseland, New Jersey. The parties shall endeavor to agree on a date and time for Mr. Pelletier's deposition. In the event the parties are unable to agree, they

should contact the Court for a telephone conference.

This is not a Recommended Ruling.  This is a discovery ruling or order reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(A); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 12th day of December 2013.

                                            _____/s/_____
                                            HOLLY B. FITZSIMMONS
                                            UNITED STATES MAGISTRATE JUDGE